UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

KHOR CHIN LIM,

    Plaintiff,

  v.              Case No. 11-C-0875

MARK KHOO,
FRANK VAN ORDEN,

    Defendants.

---

KHOR CHIN LIM,

    Plaintiff,

  v.              Case No. 12-C-0168

WALGREENS INC.,
TARGET CORPORATION,
BELOIT HEALTH SYSTEM,
LYNN ADELMAN, G CURTIS LANSBERY,
GREGORY K. BRITTON, SCOTT WALKER,
GREGORY D. WASSON, GREG STEINHAFEL,
DOES 1-18 *inclusive, and their predecessors,
successors and/or assigns*,

    Defendants.

---

KHOR CHIN LIM,

    Plaintiff,

  v.              Case No. 12-C-0264

MARK GRIFFITHS, DREW WINTERS,
BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,
UNIVERSITY OF WISCONSIN-MILWAUKEE,
GOH CHOK TONG, DOES 1-18,

    Defendants.

---

KHOR CHIN LIM,

        Plaintiff,

        v.                                          Case No. 12-C-0296

MARVIN HELLENBRAND, SCOTT WALKER,
ROBERT COWLES, ALBERTA DARLING,
MICHAEL ELLIS, SCOTT FITZGERALD,
GLEN GROTHMAN, SHEILA HARSDORF,
NEAL KEDZIE, FRANK LASEE, MARY LAZICH,
JOE LIEBHAM, TERRY MOULTON, LUTHER OLSEN,
DALE SCHULTZ, LEAH VUKMIR, VAN WANGGAARD,
RICH ZIPPERER, JC PROPERTY MANAGEMENT LLC,
JUDGE RUDOLPH T. RANDA, MITT ROMNEY,
JAY KORITZINSKY, SHELLY THEIL,
DOES *sued as Does 1 through 18, inclusive,*

        Defendant.

---

KHOR CHIN LIM,

        Plaintiff,

        v.                                          Case No. 12-C-0429

NEW YORK STATE BOARD OF
LAW EXAMINERS,
DOES 1-18,

        Defendants.

---

ORDER DENYING PLAINTIFF'S MOTIONS FOR RECUSAL

Plaintiff Khor Chin Lim filed an identical motion for recusal in Case No. 11-C-875, Case No. 12-C-168, Case No. 12-C-264, and Case No. 12-C-296, alleging that this court is biased and prejudiced against him and must recuse itself pursuant to 28 U.S.C. §§ 144 and 455. Lim filed a similar motion in Case No. 12-C-429. In all of the cases, Lim asserts three bases for recusal: (1) the court's failure to rule on a motion seeking the issuance of a temporary restraining order in Case No. 12-C-296; (2) the court's April 23, 2012, order

in Case No. 11-C-875, dismissing without prejudice the claims against all defendants, except Khoo and Van Orden, for failure to timely serve the defendants; and (3) the amended complaint in Case No. 12-C-429 naming this court as a defendant.[1]

Title 28 U.S.C. §§ 144 and 455 govern the recusal of judges.[2] Section 144 states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

Section 455 states in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

A judge is presumed to be qualified, and there is a substantial burden upon the party seeking recusal to show otherwise. *United States v. Antonelli*, 582 F. Supp. 880, 881 (N.D. Ill. 1984); *United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976). Although the movant's affidavit of bias or prejudice must be assumed true, "the facts averred must

---

[1] Theses cases are not consolidated. However, the court has chosen to issue one order for all five cases because Lim filed identical motions in four cases and the recusal issue for all cases involves discussion of the handling of Case No. 11-C-875, Case No. 12-C-296, and Case No. 12-C-429.

[2] Lim points to 28 U.S.C. § 444 to § 448 as applying to motions for recusal, but no such provisions are applicable.

3

be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Allegations of prejudice and bias based solely on prior judicial rulings, including rulings in previous cases, are not legally sufficient bases for recusal unless the movant can show that the judge's opinions derived from an extrajudicial source. *Id.* ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."). Prior decisions of the court are a proper basis for appeal, not for recusal. *Id*. The recusal statute was not intended to allow a "discontented litigant to oust a judge because of adverse rulings." *Id.* at 549 (internal quotation marks omitted).

Furthermore, the filing of one lawsuit against a judge is not enough, in and of itself, to establish personal bias or prejudice. *In re Searches Conducted on March 5, 1980*, 497 F. Supp. 1283, 1289 (E.D. Wis. 1980) (holding that public officials, including judges, expect to be sued on occasion, and it cannot be inferred that the public official has personal animosity toward the litigants based solely on the existence of such a lawsuit); *see United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985) ("Meritless lawsuits against public officials for actions taken in the performance of their duties are a fact of public life, and they are generally taken in stride.").

4

Case 2:11-cv-00875-CNC    Filed 07/10/12    Page 4 of 7    Document 26

The prior actions of this court within the context of Lim's cases are not legally sufficient bases to mandate recusal. Furthermore, Lim has failed to allege facts that show this court's prior decisions relied on opinions obtained from an extrajudicial source and no such extrajudicial source is even suggested.

The dismissal of claims against unserved defendants in Case No. 11-C-875 occurred after Lim was given several months to serve those defendants but failed to do so. More than 120 days after the filing of the complaint, the court gave Lim an extension of time to secure service on the defendants and warned him that the case could be dismissed for lack of service. Lim was given three weeks after that warning within which to serve the defendants. Upon Lim's request, the court extended the time again, giving Lim another two months to serve the defendants. However, after seven months, the court dismissed the claims against those whom Lim had failed to show any attempt at service. Nothing in these warnings or orders evinces bias or prejudice against Lim. Instead, the record discloses the dismissal was the result of Lim's failure to serve defendants within the time limits of Fed. R. Civ. P. 4, even after extensions of time and warnings.

The court's delay in ruling on the motion for temporary restraining order in Case No. 12-C-296 does now show bias against him. Lim seeks a restraining order against the Governor of the State of Wisconsin to stop the Governor and his agents from harassing him, and contends that the Governor conspired with a University of Wisconsin-Madison officer to falsely arrest him.

The standard for granting a TRO is very high. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm if injunctive relief is denied. *Graham v. Medical Mut.*, 130

5

F.3d 293, 295 (7th Cir. 1997). Lim's likelihood of success is low, nothing in the complaint or declaration filed in support of the proposed restraining order present facts showing that the Governor of Wisconsin was personally involved in any matter affecting Lim. Moreover, if the Governor had been involved in a false arrest Lim could seek a remedy at law.

As for the claims in Case No. 12-C-429, at the outset of the case there were no allegations regarding this court. Lim amended his complaint in Case No. 12-C-429 to name this court following the dismissal of claims against the unserved defendants in Case No. 11-C-875. The amended complaint in Case No. 12-C-429 asserts that this court abused legal process, interfered with contractual rights, and deprived Lim of his constitutional rights when it failed to rule on his request for a temporary restraining order in Case No. 12-C-296 and issued the April 23, 2012, order in Case No. 11-C-875. These allegations relate entirely to the performance of the court's official duties. As such, they do not mandate recusal under 28 U.S.C. §§ 144 and 455. Furthermore, Lim has not pointed to any ill will against him that this court has expressed. Contentions in Case No. 12-C-429 regarding the court are the same as those raised in the motions to recuse, i.e., that the court ruled against Lim in Case No. 11-C-875 and did not rule on the motion for temporary restraining order in Case No. 12-C-296. Although Lim may think differently, no objective, reasonable person would, on the record in these cases, be convinced that this court is biased against him.

Lastly, the court notes that a motion to recuse may not be used for the purpose of "judge shopping" in an attempt to obtain a more favorable decision, as a party has no right to have a particular judge try his case. *United States v. Braasch*, 505 F.2d 139, 147 (7th

6

Cir. 1974); *United States v. Baker*, 441 F. Supp 612, 615 (M.D. Tenn. 1977). In each of these cases Lim appears to be doing just that. Now, therefore,

IT IS ORDERED that plaintiff's motion for recusal in case 11-C-875 (Doc. 20) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for recusal in case 12-C-168 (Doc. 4) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for recusal in case 12-C-264 (Doc. 5) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for recusal in case 12-C-296 (Doc. 38) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for recusal in case 12-C-429 (Doc. 5) is denied.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE