UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

KHOR CHIN LIM,

        Plaintiff,

        v.                                     Case No. 11-C-0875

MARK KHOO,
FRANK VAN ORDEN,

        Defendants.

DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION (DOC. 19)

Plaintiff, Khor Chin Lim, who lived in Madison, Wisconsin, at the time he filed this complaint, brought this action asserting various claims arising out of medical and psychiatric treatment he received in California from defendants Mark Khoo, a medical physician residing in California, and Frank Van Orden, a psychiatrist residing in California. Khoo and Van Orden move to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). For the following reasons, the defendants' motion to dismiss will be granted.

In July 1998, while he attended California State University-Hayward, Lim was treated by Khoo and Van Orden. (Compl. ¶ 20.) On or about July 22, 1998, Lim saw Van Orden for psychiatric treatment upon the referral of Khoo. (*Id*. ¶ 23.) Van Orden prescribed Zyprexa for Lim. At the time, Zyprexa was a new drug to treat psychiatric problems. (*Id*. ¶ 23a.) Van Orden stressed that while Zyprexa had no apparent side effects, little was known of its effects on the liver. (*Id*.) Van Orden advised Lim to seek

cooperation with Khoo, and if Zyprexa was not a suitable drug for his condition, something else could be substituted. (*Id*.)

On July 24, 1998, Khoo had Lim's blood pressure measured and advised Lim to have blood drawn because of possible hypertension, i.e., high blood pressure. (*Id*. ¶ 25a.) Blood appears to have been drawn every two months or so from July 1998 through April 1999, and then periodically in 2000 and 2001. (*Id.* ¶ 27.) Lim alleges that no medical condition at the time required a blood test, yet the defendants conspired to draw his blood. (*Id*. ¶ 22.)

According to Lim, he was referred by defendants to have blood tests and a liver biopsy to check for Hemochromatosis.[1] (*Id*. ¶ 31.) Lim says Khoo was unable to inform him of symptoms related to Hemochromatosis and that no symptoms ever occurred. (*Id*.) Consequently, Lim contends defendants conspired fraudulently to inflict severe bodily injury and subjected him to severe emotional distress and other tortious acts. (*Id*. ¶ 20.)

Ordinarily, once a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving personal jurisdiction exists. *Johnson Worldwide Assocs., Inc. v. Brunton Co.,* 12 F. Supp. 2d 901, 906 (E.D. Wis. 1998). Generally, the party asserting personal jurisdiction need only make out a prima facie case of personal jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). When personal jurisdiction is challenged under Rule 12(b)(2), the court must decide whether any material facts are in dispute. *Id.* If there is no factual dispute, an evidentiary hearing is not required. *Id*.

---

[1] Hemochromatosis is a condition where too much iron is absorbed through the digestive tract causing iron build up in the body, especially the liver. Typically, this condition is not prevalent in non-Caucasian individuals.

2

Federal Rule of Civil Procedure 4(k) provides that federal courts acquire personal jurisdiction upon effective service of process over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located," or "when authorized by a federal statute." Fed. R. Civ. P. 4(k)(1)(A), (C). In opposing the motion to dismiss, Lim mentions the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), but provides no citation to any nationwide service of process section that would support personal jurisdiction over Khoo and Van Orden. Thus, the court must have personal jurisdiction as a Wisconsin state court would.

The analysis has two components. First, Lim must establish personal jurisdiction under Wisconsin's long-arm statute, Wis. Stat. § 801.05. Second, he must establish that personal jurisdiction over defendants by this court comports with due process requirements. *See Kinslow v. Pullara*, 538 F.3d 687, 690 (7th Cir. 2008); *Hyatt Int'l Corp.*, 302 F.3d at 713-16. Lim satisfies neither requirement.

Wisconsin's long-arm statute provides for general jurisdiction over any defendant outside the state who at the time the lawsuit was filed, is "engaged in substantial and not isolated activities within this state." Wis. Stat. § 801.05(1)(d). As pertinent to this case, the statute provides for specific jurisdiction when an act occurring within the state causes injury, Wis. Stat. § 801.05(3), or when an act occurring outside the state causes injury within the state, but only if the defendants carried on solicitation or service activities within the state or defendants' products were used or consumed here, Wis. Stat. § 801.05(4).

Lim pleads no facts suggesting that Khoo and Van Orden engaged in substantial activities within Wisconsin; nor does he plead any facts indicating that defendants committed a tortious act in Wisconsin or another state, but having an effect in Wisconsin

3

and meeting the requirements for solicitations here or distribution of products here. Indeed, Lim pleads no activities by defendants regarding Wisconsin.

Lim contends that Khoo and Van Orden treated Lim and took a blood sample in California fourteen years ago while Lim was living in California. Neither the treatment Lim received, the conspiracy he contends the defendants engaged in, nor any injury that Lim suffered extended past California.

As for constitutional due process requirements, jurisdiction over a nonresident defendant must be based upon a defendant's "minimum contacts" with the forum state, "'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Hyatt Int'l Corp.*, 302 F.3d at 716 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) (internal quotation marks omitted)). A defendant must have "'purposefully established minimum contacts within the forum State'" and purposefully availed itself of the privilege of conducting activities in that state, *id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)), such that it could reasonably anticipate "being haled into court" there, *id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Lim submits that defendants should have foreseen he would seek treatment in Wisconsin. But the court is not persuaded by the argument. In *Kinslow v. Pullara*, 538 F.3d 687 (7th Cir. 2008), the Seventh Circuit concluded no personal jurisdiction existed in Illinois federal court even when the defendant in New Mexico had had telephone contact relating to the case with an Illinois entity. Though contacts existed, they were insignificant.

Here, it appears that the defendants had no contacts with Wisconsin whatsoever. Lim has not provided any evidence (or even a suggestion) that the defendants practiced

4

medicine or conducted any other form of business in Wisconsin. Nor is there anything in Lim's filings suggesting that defendants knew Lim would some day move to Wisconsin. Hence, there is no reason to believe defendants would be on notice of foreseeable litigation in a Wisconsin court.

In *Cote v. Wadel*, 796 F. 2d 981 (7th Cir. 1986), the plaintiff brought a diversity action in federal court in Wisconsin against an attorney and his law firm. The defendants were residents of Michigan and the activities that gave rise to the lawsuit occurred in Michigan. The district court dismissed the action for lack of personal jurisdiction, and plaintiff appealed. *Id*. at 981. In affirming, the Seventh Circuit noted:

> The only significant connection between the suit and Wisconsin is that the plaintiff lives there; and you cannot get jurisdiction over a nonresident just by showing that you are a resident and would prefer to sue in your own state's courts. By that reasoning, there would be no limits to personal jurisdiction over nonresidents.

*Id*. at 984. Similarly, the only connection between this suit and Wisconsin is that—thirteen years after the events of the case occurred—Lim is now a resident of Wisconsin. That is not enough to establish personal jurisdiction over the defendants.

Finally, Lim argues that even if this court does not have personal jurisdiction under Wisconsin's long-arm statute pursuant to diversity jurisdiction, there still exists a federal question and that this court has jurisdiction over that matter. Specifically, he references HIPAA and proclaims that because defendants did not address the issue of federal question jurisdiction their motion to dismiss should be denied.

Lim confuses subject matter jurisdiction with personal jurisdiction. Regardless of whether subject matter jurisdiction exists such that Lim could sue defendants in federal

5

court *somewhere*, personal jurisdiction concerns whether Lim can sue defendants in this Wisconsin Court. He cannot. Therefore,

IT IS ORDERED that defendants' motion to dismiss for lack of personal jurisdiction is granted and this case is dismissed.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE
